IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| IKO MIDWEST, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:23-cv-02359-SHL-cgc |
| HAWKINS CON, LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER SETTING DAMAGES HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT HAWKINS CON, LLC**

Before the Court is Plaintiff IKO Midwest, Inc.'s ("IKO") Motion for Final Default Judgment Against Defendant Hawkins Con, LLC ("Hawkins"), filed September 1, 2023. (ECF No. 13.) In the motion, IKO seeks "Judgment against Defendant Hawkins CON, LLC in the total amount of $93,771.12 along with prejudgment and post judgment interest." (Id. at PageID 18.) Hawkins has not responded.

If a defendant has failed to plead or otherwise defend, and that failure is shown, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a). Here, the Clerk entered default on August 7, 2023. (ECF No. 12.) Hawkins did not move to set aside the default pursuant to Federal Rule of Civil Procedure 55(c).

Following entry of default, if a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—with an affidavit showing the amount due—must enter judgment for that amount and costs. Fed. R. Civ. P. 55(b)(1). In all other cases, a plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The court may conduct

hearings to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Id.

Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability.  Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110–11 (6th Cir. 1995).  Hawkins has admitted the allegations in the Complaint by way of its default, and those allegations are sufficient to establish its liability.  Therefore, the Motion is **GRANTED** as to Hawkins's liability.

However, allegations in the Complaint are not taken as true for purposes of establishing damages.  Id.  Here, IKO asserts that it tendered a metal cargo carrier to Hawkins for transport from Kankakee, Illinois, to Tuscaloosa, Alabama, in June 2022, but Hawkins never delivered the goods.  (ECF No. 1 at PageID 2.)  Plaintiff asserts that it is entitled for a judgment of $93,261.12, which includes $84,847.00 to replace the cargo carrier, transportation costs of $8,414.12, the $400 it incurred in filing the lawsuit, and $110.00 for the charges to serve Hawkins with the lawsuit.  (ECF No. 13 at Page ID 18.)  IKO also seeks pre-judgment and post-judgment interest.  (Id.)  IKO provided the affidavit of Michael Capretta, the company's Director of Logistics, in support of its damages.  (ECF No. 13-1.)

IKO has offered no support for its assertion that it is entitled to recover the interest on its damages, whether by law or contract.  For that reason, the Court hereby **SETS A HEARING** for **Tuesday, April 9, 2024, at 9:30 a.m**.  During the hearing, the Court will hear argument and evidence, if any, as to IKO's damages calculation.

Furthermore, Plaintiff is **ORDERED** to mail notice of the hearing to Hawkins at its most up-to-date address.  The Clerk is also **DIRECTED** to mail this Order to Hawkins at the addresses at which it was served (see ECF No. 9 at PageID 11):

**Hawkins CON, LLC**
c/o Registered Agent Katrina Gibson
1726 Carroll Road
Morristown, TN 37813

**IT IS SO ORDERED,** this 21st day of March, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
